People's Equitable Mutual Fire Insurance Company *vs.*
Charles T. Arthur.

In an action by a mutual fire insurance company to recover an assessment upon a deposit note, an averment, in the declaration, that the directors " made, agreeably to their act of incorporation and by-laws, an assessment" on said note, is sufficiently answered, under *St.* 1852, *c.* 312, § 14, by a denial " that any such assessment has been made as is set forth in the plaintiffs' declaration," to authorize the defendant at the trial to deny the validity of the assessment.

A mutual fire insurance company cannot maintain an action to recover an assessment laid upon one class only of holders of their policies, without proving that they have adopted the *St.* of 1849, *c.* 107, which authorized them to divide their risks into classes.

Action of contract by a mutual fire insurance company to · recover an assessment of twenty seven dollars upon a deposit note signed by the defendant, whereby he promised to pay the plaintiffs, or their treasurer for the time being, the sum of thirty dollars, " in such portions, and at such time or times as the directors of said company may, agreeably to their act of incorporation and by-laws, require." Trial in the court of common pleas, before *Bishop,* J., to whose rulings the plaintiffs alleged exceptions, the substance of which is stated in the opinion.

*C. I. Reed,* for the plaintiffs, to the point that the defence was not open under the answer, cited *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541 ; *Bradford* v. *Tinkham,* 6 Gray, 494.

*E. H. Bennett,* for the defendant.

Bigelow, J. The plaintiffs were bound to show, in order to maintain their action, that the assessment on the defendant's deposit note, which they sought to recover in this action, was a legal one, made in conformity with the provisions of law regulating mutual insurance companies. *Atlantic Mutual Fire Ins. Co.* v. *Fitzpatrick,* 2 Gray, 279.

The averment in their declaration was in conformity with this established rule. It set out that the directors " made, agreeably to their act of incorporation and by-laws, an assessment on said note, together with other second class policy notes held by the plaintiffs." When therefore the defendant in his answer denied

" that any such assessment has been made as is set forth in the plaintiffs' declaration," he traversed, in terms sufficiently clear and precise, the substantive fact, alleged in the declaration, on which the plaintiffs' right of recovery mainly depended. This denial distinctly put in issue the validity of the assessment, and although it might have been more formally drawn, it was in substance a compliance with *St.* 1852, *c.* 312, § 14.

Upon the evidence offered by the plaintiffs, the assessment made by the directors on the 14th of September 1856, in which the defendant's note was included, was not shown to have been legal. It was not made upon all the members of the company, in proportion to the amount of their premiums and deposits, in compliance with the Rev. Sts. *c.* 37, § 31. A portion of the members, denominated "first class policy holders," was intentionally omitted in making the assessment, and it was laid only on those having policies coming within the designation of "second class." The plaintiffs did not show that they were legally entitled thus to divide their policies into classes. They were incorporated by *St.* 1848, *c.* 77, and were thereby made subject to the provisions of Rev. Sts. *c.* 37, relating to mutual insurance companies. The power to divide risks into two classes, according to the greater or less hazardous nature of the property insured, was conferred on mutual insurance companies by *St.* 1849, *c.* 104, § 2. But by § 7 of that act it was expressly provided, that the sections of the statute, giving the right thus to divide their risks, " shall not take effect in reference to any company, until the same shall be adopted at a meeting of such company, called for the purpose." The plaintiffs, not having proved any adoption of this provision of the statute by them, failed to show that the assessment was authorized by law ; and having intentionally omitted a portion of their members in making the assessment, the whole assessment was thereby invalidated. *Marblehead Mutual Fire Ins. Co.* v. *Hayward*, 3 Gray, 208.

*Exceptions overruled.*